accordingly denied in the last case ; but the defendant may plead the misnomer in abatement, if he choose.

It is not improbable that we may, on farther reflection, adopt some general rule of practice, denying these summary applications, in cases of misnomer which may hereafter arise ; but whatever reluctance we may feel to granting the motion in either of these cases, it would be improper to adopt any such rule, and apply it to them. The motion is granted in the first, but denied in the second cause.

Rules accordingly.

NOTE. The following general rule was afterwards adopted by the Court :

February Term, 1825.

ORDERED, that, in future, the Court will not entertain a motion to set aside the process or proceedings in a cause, on the ground of a misnomer of the party arrested ; but will leave him to his remedy, of a plea in abatement.

ANONYMOUS.

*March* 16, 1825. J. L. VIELE (the bar having finished their non-enumerated business of the term, which was to be moved pursuant to notice) moved for the costs of preparation and attendance to oppose a motion to bring on an argument as upon a frivolous demurrer, which had been noticed, but not made.

*Curia.* We cannot allow you costs. The motion noticed is an enumerated one, a case in which we never give costs of attending to oppose. We do this in non-enumerated motions alone, where only one side has a right to notice them.

Motion denied.

*Margin notes:*

ALBANY, Feb. 1825.

Anonymous.

No costs are allowed for preparation and attendance to oppose a motion to bring on a demurrer as frivolous, noticed but not made. So of all enumerated motions.